FILED WITH

DEC 27 2005

UNITED STATES
MAGISTRATE JUDGE
SAMUEL ALBA

PAUL M. WARNER, United States Attorney (#3389)
MICHAEL P. KENNEDY, Assistant United States Attorney (#8759)
Attorneys for the United States of America
185 S. State St., #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Facsimile: (801) 524-6925
e-mail: michael.kennedy@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN PATRICK SKOWRONSKI,<br><br>    Defendant. | MAGIS. NO. A-05-354 M<br><br>COMPLAINT<br><br>VIO.<br>    49 U.S.C. § 46504<br><br>INTERFERENCE WITH A<br>FLIGHT CREW |

Before a United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

### COUNT 1

On or about December 25, 2005, in the Central Division of the District of Utah and elsewhere,

JOHN PATRICK SKOWRONSKI,

the Defendant herein, did, in the special aircraft jurisdiction of the United States as defined in 49 U.S.C. § 46501(2), assault and intimidate flight attendants and crew members of an aircraft, thereby interfering with the performance of the duties of the flight attendants and crew members and lessening the ability of the flight attendants and crew members to perform those duties, all in violation of and punishable under 49 U.S.C. § 46504.

Complainant states that this complaint is based on information obtained through investigation consisting of the following:

1. I am a Special Agent with the Federal Bureau of Investigation. I have been so employed for approximately 8 years in the Salt Lake City Division of FBI.

2. I currently am assigned to the FBI Joint Terrorism Task Force (JTTF) and as part of my duties, have been assigned to investigate crimes which occur at the Salt Lake International Airport. As such, I have been trained to investigate crimes which occur in the special aircraft jurisdiction of the United States.

3. I personally participated in the investigation of the matters discussed in this complaint.

4. This affidavit is made in support of a complaint alleging the crimes of Interference with a Flight Crew, in violation of 49 U.S.C. § 46504. The defendant is John Patrick Skowronski.

5. On December 25, 2005, Skowronski boarded Delta Flight Number 488 from Salt Lake City to Chicago. Before take-off, Andrew Dolle, a Delta Flight Attendant, was notified that a passenger named Skowronski was upsetting other passengers with abusive and belligerent language. He or another flight attendant had to re-seat a family of three because Skowronski's comments were upsetting to them. At one point, Skowronski, told Jane Doe, a juvenile female (nine years of age, daughter of the re-seated family), that "people die on Christmas", an apparent reference to a funeral he was planning to attend.

6. Dolle warned Skowronski that if he didn't behave he would not be allowed to stay on the aircraft. Dolle observed that Skowronski was intoxicated. After Dolle left, another passenger, S.M., seated one row ahead heard Skowronski calling the flight attendant a "prick, asshole". Skowronski stated "I am going to walk up to him after the plane is in the air and bash his head in and leave him on the curb in Chicago". S.M. also said that Skowronski said that he would really cause trouble once the plane took off, and that he continued to use foul and abusive language.

7. Skowronski made several more threatening comments after the plane was in the air. After the plane was in the air for a few minutes, S.M. went to the back of the plane and told Flight Attendant Dolle about the threatening remarks made by Skowronski. According to Flight Attendant Dolle, S.M. was visibly upset and told him that she did not

feel safe. S.M. later heard Skowronski swearing and stated "They will probably turn this plane around and take me off".

8. Dolle felt that Skowronski presented a danger to passengers and crew. Dolle notified Captain Greg Hunter about the threats that Skowronski had been making. An immediate decision was made to return the aircraft back to Salt Lake City International Airport.

9. J.H., another passenger, later heard Skowronski say "You're not going to get my ass off this plane."

10. After landing, Skowronski was taken into custody without incident by Salt Lake City Airport Police Officers. Skowronski voluntarily agreed to take an alcohol breath intoxilyzer test. Skowronski had an alcohol content of .257.

11. Skowronski was advised of his Miranda rights, and agreed to be interviewed. He stated that he was en route from Los Angeles to Chicago for an anticipated funeral for the father of his fiancé, who stated in a phone interview that her father was in hospice care. Skowronski denied making the threatening statements, but stated he has blacked out before when drinking alcohol. He further stated that he had consumed a large quantity of alcohol the night before, and also drank at the Salt Lake City International Airport prior to

boarding the aircraft. After he was interviewed, he was transported to the Salt Lake County Jail.

_____
TRAVIS THIEDE, Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO BEFORE ME this _27th___ ___ day of December, 2005.

_____
SAMUEL ALBA
Chief United States Magistrate Judge

APPROVED:

PAUL M. WARNER
United States Attorney

_____
MICHAEL P. KENNEDY
Assistant United States Attorney